```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA

CALBERT GEORGE BENNETT         *         CIVIL ACTION

VERSUS                         *         NO: 09-7176

CENAC TOWING COMPANY, LLC,     *         SECTION: "D"(5)
ET AL
```

### ORDER AND REASONS

Before the court is the **"Motion for Summary Judgment"** (Doc. No. 24) filed by Defendant, Cenac Towing Co., L.L.C. (Cenac). Plaintiff, Calbert George Bennett, filed a memorandum in opposition (Doc. No. 32). The motion, set for hearing on Wednesday, December 15, 2010, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court rules as follows.

In this suit, Plaintiff alleges that he was injured twice during his employment with Cenac: (1) on July 11, 2007, while assisting in the loading of groceries on the M/V ANDREA CENAC; and (2) on December 2, 2007, while lifting a hatch aboard Cenac's barge, the CTCO 5001, to wash his laundry. Plaintiff sues Cenac for maintenance and cure, Jones Act negligence and unseawothiness,

and Cenac now move for summary judgment on these claims.

### Jones Act and Unseaworthiness Claims

In his opposition, Plaintiff represents that "he does not oppose Cenac's motion for summary judgment with respect to liability for the July 2007 injury." (Plaintiff's Opp., Doc. No. 32, p. 2 & 16). Accordingly, the court **GRANTS** Cenac's Motion for Summary Judgment to the extent that it seeks summary judgment dismissal of Plaintiff's Jones Act and unseaworthiness claims related to Plaintiff's alleged **July 2007 injury**.

As to Plaintiff's Jones Act and unseaworthiness claims stemming from Plaintiff's alleged December 2, 2007 injury, the court finds that there are genuine issues of material fact. Accordingly, the court **DENIES** Cenac's Motion for Summary Judgment to the extent that it seeks summary judgment dismissal of these claims.

### Maintenance and Cure Claims

Finally, the court finds that there are genuine issues of material fact as to Cenac's *McCorpen* defenses stemming from both of Plaintiff's alleged July 11, 2007 and December 2, 2007 injuries. Accordingly, the court **DENIES** Cenac's Motion for Summary Judgment to the extent that it seeks summary judgment dismissal of Plaintiff's maintenance and cure claims based on a *McCorpen*

defense.

However, without resolving whether or not Cenac has successful *McCorpen* defenses at this juncture, the court finds that (as to Plaintiff's first alleged injury in **July 2007**), it is undisputed that Cenac paid Plaintiff 2/3's of his wages and all medical expense from the July 2007 event to November 7, 2007, when Plaintiff was released to return to work by his treating physician. Plaintiff did in fact return to work for Cenac, and was allegedly re-injured on December 2, 2007. Further, in his opposition, Plaintiff represents that (as to his second alleged injury in **December 2007**): "[b]ecause the Plaintiff's treating physician, Dr. Drew, opined that the Plaintiff reached maximum medical improvement on December 5, 2008, the Plaintiff does not seek maintenance and cure past that date." (*Id*. at 16). Accordingly; the court **GRANTS** Cenac's Motion for Summary Judgment to the extent that it seeks summary judgment dismissal of Plaintiff's maintenance and cure claim for any more than what Cenac has already paid Plaintiff.

New Orleans, Louisiana, this **16th** day of **December**, **2010**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE